UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

$14,000.00 UNITED STATES CURRENCY,

      Defendant.

**DECISION AND ORDER**
19-CV-153S

## I. INTRODUCTION

Presently before this Court is the government's Amended Motion to Strike the pro se Claimant's claim in this civil *in rem* forfeiture action brought under 28 U.S.C. §§ 1345 and 1355 (a). (Docket No. 14.) For the reasons stated below, the government's motion is granted.

## II. BACKGROUND

On September 12, 2018, United States Postal Inspectors seized the $14,000 defendant currency from a Priority Mail Express flat-rate envelope addressed to "Carmen Velazquez, #6 Caminolos Velazquez 2 Sector la corte, San Juan PR 60926" and sent by "Alvaro Castro, 3742 E. Main R, Fredonia NY 14063," pursuant to the provisions of 21 U.S.C. § 881 (a)(6). (Complaint, Docket No. 1, ¶¶ 1, 3-10.) After investigating the purported sender and addressee, and after a K-9 detected the odor of controlled substances on the envelope, Postal Inspectors seized the defendant currency on the basis that it was furnished, or intended to be furnished, in exchange for a controlled substance, as proceeds traceable to exchanges of controlled substances, and/or had otherwise been used to facilitate a violation of 21 U.S.C. Subchapter I of Chapter 13 §§

1

801 et seq. (Id.) Upon seizure, the Postal Inspectors deposited the defendant currency into an account under the United States Postal Service's control in Rochester, New York. (Id. ¶ 3.)

On September 21, 2018, Claimant Lester Vazquez Cintron called the United States Postal Service to inquire about the non-delivery of the envelope containing the defendant currency. (Id. ¶ 11.) Cintron asked that the Postal Service open an investigation into the non-delivery because the envelope contained important documents. (Id.) Cintron did not send any additional correspondence. (Id.)

After notices of administrative forfeiture were sent to the sender and addressee, Cintron, using an address in Kissimmee, Florida, submitted a claim to the United States Postal Inspection Service on November 14, 2018, requesting that the administrative forfeiture action be halted in favor of a judicial civil forfeiture action. (Id. ¶ 13.) In his claim, Cintron wrote: "The amount of money seized was destine[d] to Puerto Rico to my elderly mother, to pay for her expenses, additionally to that, the money was also to cover outstanding debts and personal expenses for my pets, who are being tak[en] care by a person who I am paying for it, as well as to cover the pet expenses, food and the amount ow[ed] to the caretaker." (Id.)

On January 29, 2019, the government initiated this proceeding seeking civil forfeiture of the defendant currency. (Docket No. 1.) The Clerk of Court thereafter issued an arrest warrant *in rem*, which the United States Marshals Service executed on March 11, 2019. (Docket Nos. 4.) On February 11, 2019, the government sent Cintron copies of the Verified Complaint for Forfeiture, a Direct Notice of Forfeiture Action, the Arrest Warrant *in rem*, and a Notice to Consent to Magistrate Judge by certified and regular mail

to his address in Kissimmee, Florida. (Docket No. 3.) The government also published a Notice of Civil Forfeiture as required by Rule G (4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Docket No. 5.)

The Direct Notice of Forfeiture Action sent to Cintron informed him that his deadline for filing a claim was March 20, 2019, and that his answer would be due 21 days after the filing date of any claim. (See Docket 12-1.) The arrest warrant *in rem* notifies putative claimants that any claim is due 35 days after receipt of notice of the forfeiture action and that an answer is due 21 days after the filing date of any claim. (Docket No. 4.) The deadline to file a claim in response to the published Notice of Civil Forfeiture was April 16, 2019. (Docket No. 5.)

After Cintron contacted the government and secured extensions of the deadlines set forth above, he filed a claim on June 19, 2019. (See Affidavit of Mary Clare Kane ("Kane Aff."), Docket No. 14, ¶ 7; Docket No. 8.) The government thereafter agreed to extend Cintron's time to file an answer to July 5, 2019. (Kane Aff., ¶ 9; Docket No. 9.)

On July 31, 2019, the government appeared before this Court for a status conference, where it reported that Cintron failed to file an answer and did not otherwise contact the government relative to an extension of his time to do so. (Docket No. 10.) The government indicated that it would therefore move to strike Cintron's claim. (Id.) The government filed its motion that same day and later amended it to include the return date. (Docket Nos. 11, 14.)

On October 23, 2019, after previously having difficulty communicating with Cintron to arrange an appearance by telephone, see Docket Nos. 17-19, this Court conducted a status conference at which Cintron requested additional time to file an answer. (Docket

No. 20.)  This Court granted Cintron a final opportunity to file an answer by December 2, 2019, and warned him that his failure to timely file an answer as directed could result in this Court granting the government's motion to strike his claim.  (Id.)  The government also agreed to send Cintron another set of filing instructions and an additional copy of the complaint.  (Id.)

On December 9, 2019, one week after his answer was due, Cintron moved to extend his time to file an answer, explaining that he was currently incarcerated.  (Docket No. 21.)  Noting the inordinate amount of time that Cintron had already been afforded to file an answer, this Court granted one final extension to January 9, 2020.  (Docket No. 22.)

Three months have now passed since that deadline, and Cintron has failed to file an answer or otherwise move.  Finding that Cintron has been afforded more than ample time to file an answer, this Court proceeds with the government's motion to strike.

### III. DISCUSSION

To contest a forfeiture action, a claimant must have both constitutional and statutory standing.  See United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir. 1999).  Constitutional standing requires demonstration of a sufficient interest in the property to create a "case or controversy;" statutory standing requires compliance with all procedural requirements.  See United States v. 4492 S. Livonia Rd., 889 F.2d 1258, 1262 (2d Cir. 1989).  "While lack of statutory standing can be excused at the sound discretion of the trial judge, Article III standing is a prerequisite for a court to attain subject matter jurisdiction over a matter."  United States v. $138,381 in U.S. Currency, 240 F. Supp. 2d 465, 467 (W.D.N.Y. 2011).

Civil *in rem* forfeiture actions are governed by Rule G of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules") and the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983 et seq. See United States v. Cintron-Alvarez, 760 F.3d 193, 197 (W.D.N.Y. 2014). Under these provisions, a claimant asserting an interest in defendant property must file a timely claim in the court where the action is pending and then, within 21 days, file either an answer or motion under Rule 12 of the Federal Rules of Civil Procedure. See Rule G (5); 18 U.S.C. § 983 (a)(4). Failure to comply with these provisions leaves a claimant's claim vulnerable to being stricken for lack of statutory standing. See Cambio Exacto, 166 F.3d at 526 (finding lack of statutory standing where claimant failed to meet deadlines set forth in the Supplemental Rules); United States v. Any & All Funds on Deposit in Bank of Am. Account Number 004836378025, No. 14-CCV-1928 (TPG), 2015 WL 5173044, at *1 (S.D.N.Y. Sept. 3, 2015) ("Courts routinely strike claims in federal forfeiture actions where a claimant fails to comply with the deadlines provided by the Forfeiture Rules."); United States v. $27,601.00 U.S. Currency, 800 F. Supp. 2d 465, 467 (W.D.N.Y. 2011) ("Where a claimant fails to comply with the procedural requirements of the Supplemental Rules, his claim may be stricken for lack of statutory standing.")

Here, Cintron has been on notice for more than 16 months that he would be required to file an answer. He nonetheless missed multiple deadlines to do so, even after this Court granted him generous extensions due to his pro se status. Cintron's final deadline to file an answer passed more than three months ago, and Cintron has neither filed an answer nor otherwise moved or contacted the government or this Court since. Accordingly, because Cintron has failed to comply with the procedural requirements of

the Supplemental Rules without excuse despite being afforded every opportunity to do so, this Court finds that he lacks statutory standing. See United States v. 479 Tamarind Drive, Hallendale, Fla., No. 98 Civ. 2279(DLC), 2011 WL 1045095, at *3 (S.D.N.Y. Mar. 11, 2011) ("When a claimant fails to file an answer, he or she does not have statutory standing to bring a claim.") (collecting cases); see also United States v. Two Hundred Seventy-Two Thousand Dollars and No Cents, 16-CV-6564, 2018 WL 5624170, at *5 (E.D.N.Y. Oct. 12, 2018) (Report and Recommendation) (recommending that claim be stricken for lack of statutory standing where claimant failed to file an answer or otherwise participate in the litigation). His claim will therefore be stricken.

### IV. CONCLUSION

For the reasons stated above, the government's motion to strike Cintron's claim is granted.

### V. ORDERS

IT HEREBY IS ORDERED, that the government's Motion to Strike (Docket No. 14) is GRANTED.

FURTHER, that the Clerk of Court is directed to STRIKE Cintron's claim (Docket No. 8).

SO ORDERED.

Dated:   April 10, 2020
         Buffalo, New York

                                                                           s/William M. Skretny
                                                                            WILLIAM M. SKRETNY
                                                                      United States District Judge